[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13734
Non-Argument Calendar
_____

BIA No. A79-453-834

GUI HUANG ZHOU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 27, 2007)

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Gui Huang Zhou petitions this Court, pro se, for review of the BIA's final order which affirmed the IJ's denial of asylum and withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. §§ 1158, 1231, and the Convention Against Torture (CAT), 8 C.F.R. § 208.16(c). Zhou contends that the BIA erred because its decision was either not supported by substantial evidence or was based on a misapplication of the law. Zhou asserts that the lack of corroborating evidence is not an adequate ground for denial because neither the IJ nor the BIA made a finding as to whether Zhou could have obtained documentary evidence under the circumstances. Zhou argues that his specific, consistent, and detailed testimony was adequate to meet his burden of proof. He also argues that the BIA's decision misstated the record by asserting that Zhou's family continues to practice the Falun Gong religion in China without any problems. Finally, Zhou claims that the IJ's adverse credibility finding, which he claims was adopted by the BIA, was not adequately supported.

We review only the BIA's decision, "except to the extent that it expressly adopts the IJ's opinion." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." Id. Here, because the BIA expressly adopted the IJ's decision, and added some comments of its own, we review both.

2

We begin by considering what claims are properly before us. The government argues that Zhou has abandoned several of his claims by failing to adequately pursue them before the BIA or in this appeal. We do not have jurisdiction to review claims that have not been raised before the BIA. Amaya-Artunduaga v. United States Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). Nor do we have jurisdiction to review claims if the appellant fails to raise that argument on appeal. Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

Zhou has abandoned any claim of past persecution because he did not sufficiently advance such an argument in either his appeal to the BIA or in this appeal. See id. Zhou's brief makes several passing references to past persecution, but he never claims that the IJ or the BIA erred in finding no past persecution. Even if we read his pro se brief liberally, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), we still find that he abandoned this portion of his claim.[1]

---

[1] Further, even if Zhou had not abandoned his past persecution claims, we would not be compelled to reverse the IJ's conclusion that he failed to proffer evidence sufficient to meet the persecution standard. If anything, Zhou was only indirectly threatened while in China, which is not enough. See Sepulveda, 401 F.3d at 1231 (holding that threats to petitioner and her brother did not compel reversal of IJ's decision).

Accordingly, Zhou's asylum claim hinges on his ability to show a well-founded fear of future persecution on account of his Falun Gong practices. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287–88. He must demonstrate a well-founded fear that is both subjectively genuine and objectively reasonable. Al Najjar, 257 F.3d at 1289. The subjective component can be proven by "credible testimony" that he "genuinely fears persecution," while the objective component "can be fulfilled either by establishing past persecution or that he . . . has a good reason to fear future persecution." Id. (quotation marks omitted).

Both the IJ and the BIA determined that Zhou failed to prove either the subjective or objective component of a well-founded fear. According to both the BIA and the IJ, Zhou's testimony, which was not supported by corroborating documents, was insufficiently detailed regarding his parents' arrest, imprisonment, and alleged torture. Additionally, there was no evidence that the Chinese authorities were or are after him. Zhou's actions prior to leaving China—staying with a fellow Falun Gong member the night his parents were arrested and then leaving his aunt's home and returning to his parents store to live and work after their release from prison—further diminish Zhou's claims. Finally, both courts agreed that the fact that Zhou's parents currently live in China and practice Falun

4

Gong without problems undermines Zhou's asserted well-founded fear of future persecution.[2]

Our review of the IJ's factual determination is extremely deferential, and we "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (quotation marks omitted and alteration in original). In order "[t]o reverse the IJ's decision, we must conclude that the record not only supports such a conclusion, but compels it." Yang v. United States Att'y Gen., 418 F.3d 1198, 1202 (11th Cir. 2005) (quotation marks omitted and alteration in original).

Zhou argues that the IJ and the BIA erred in finding his testimony insufficient and in implicitly requiring corroborating documentation without finding that such documents could be reasonably obtained by Zhou. In certain cases uncorroborated testimony is sufficient. Id. at 1201 ("Uncorroborated but credible testimony may be sufficient to sustain the burden of proof for demonstrating eligibility for asylum. The weaker an applicant's testimony, however, the greater the need for corroborative evidence." (citations omitted)). Here, Zhou's uncorroborated testimony was weak and supporting documentation

---

[2] Zhou claims that this finding is a misstatement of the record, but we disagree. In his application for asylum and withholding of removal, Zhou specifically stated that his "parents still practice Falun Gong, but only doing it at home with very few and selective people."

would have been helpful. Nevertheless, even if we were to accept Zhou's testimony as true, it was insufficient to establish a well-founded fear of past persecution.

Substantial evidence supports the IJ's finding that Zhou did not qualify for asylum because he failed to show a well-founded fear of future persecution. His parents continue to live and work in China while practicing Falun Gong. There is nothing to suggest that the Chinese authorities are after Zhou or that he is in any danger. Zhou's decision to stay with a fellow Falun Gong practitioner on the night of his parents' arrest was inconsistent with his asserted fear. Given that substantial evidence supports the IJ's finding that Zhou could not meet the lesser asylum burden, the BIA properly denied Zhou's petition for withholding of removal and CAT relief as well. Accordingly, we deny the petition for review.

**DENIED.**